IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00114-RLV

BRANCH BANKING AND )
TRUST COMPANY, )
 )
      Plaintiff, )
 )
v. ) **MEMORANDUM AND ORDER**
 )
THE GLEN AT BROADSTONE, )
LLC; D. SCOTT BEARD (aka )
DAVID S. BEARD); and )
KATHY BEARD, )
 )
      Defendants. )
_____)

**THIS MATTER** is before the Court on Plaintiff Branch Banking and Trust Company's Motion to Remand to State Court. (Doc. 5.)

Noting that Defendants received a copy of the initial pleading setting forth the claim for relief upon which the action is based on June 24, 2011, Plaintiff moves that this action be remanded to the Superior Court of Watauga County, North Carolina, because Defendants failed to adhere to the time requirements of 28 U.S.C. § 1446(b) by filing their Notice of Removal on August 23, 2011, thirty to thirty-one days past the statutory deadline.

Defendants respond that, because Plaintiff's counsel consented to a thirty-day extension to respond to the Complaint, their Notice of Removal was timely filed. (Doc. 7 at 2.) However, section 1446(b)'s thirty-day deadline is "mandatory," albeit not "jurisdictional." *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (finding that the plaintiff had waived the untimeliness of the removal petition by failing timely to object); *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) (deeming as filed, in the interest of

1

fairness and because the right to remove must be invoked in strict conformity with statutory requirements, a petition that failed to comply with the district court's local rules requiring a cover sheet and legal backing), *superceded on other grounds by rule as recognized in Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008); *see also Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 700 (1972) (holding that a challenge to the validity of the removal procedure may not be raised for the first time on appeal); *Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176 (1913) (holding that a plaintiff who failed to challenge removal procedures prior to entry of final judgment effectively waived the right to claim that irregularities in the removal process deprived the court of jurisdiction over a case otherwise properly before it). As the Second Circuit explained in *Somlyo*, "absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo*, 932 F.2d at 1046; *cf. Adelphia Fire Protection, Inc. v. Egner*, No. 3:06-185, 2006 WL 1751780, at *3 (M.D. Pa. June 22, 2006) (holding that the court is without discretion to expand section 1446(b)'s thirty-day limitation); *Wachovia Bank, N.A. v. Deutsche Bank Trust Co. Americas*, 397 F.Supp.2d 698, 705 (W.D.N.C. 2005) (Thornburg, J.) (recognizing that parties are prohibited from enlarging the deadline for removal by consent).

      Here, Plaintiff's counsel consented to a thirty-day extension of time "to file an Answer." (Doc. 1-2 at 1.) Perhaps strategically, counsel did not extend the scope of consent to reach the allotted time to file a notice of removal. Because the written statement of consent evinces no "intentional relinquishment" by Plaintiff of the right to object to an untimely removal, and because Plaintiff has filed a timely Motion to Remand, there has been no waiver of that right. *See Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1448 (N.D. Ill. 1987) (addressing the elements of a waiver "defense" to an objection to removal). Additionally, assuming *arguendo*

2

that the scope of Plaintiff's counsel's representation reached the notice of removal, the parties cannot lengthen section 1446(b)'s time period by stipulation, and therefore Defendants' reliance on such representation "was per se unreasonable and, therefore, cannot be the basis for 'estoppel.'" *Wachovia Bank*, 397 F.Supp.2d at 705 (citing *Harris Corp. v. Kollsman, Inc.*, 97 F.Supp.2d 1148, 1151 (M.D. Fla. 2000) ("[S]ection 1446(b)'s mandatory removal period cannot be enlarged by court order, stipulation of the parties, or otherwise.")).

Finally, although Defendants note that Plaintiff incorrectly listed the Defendants' respective domiciles within the Complaint, such an error would not frustrate Defendants' awareness of the possibility of removal to federal court on the basis of diversity jurisdiction (as would, for instance, a plaintiff's failure to mention the specific monetary damages sought). Defendants here are no strangers to one another and well know in what state they are domiciled. (Indeed, Mr. Beard, registered agent of The Glen at Broadstone, LLC, shares an address with Ms. Beard.) So long as Defendants can determine removability from the petition without reliance on speculation or conjecture, the thirty-day removal period runs from the date Defendant received the Complaint "by service or otherwise." 28 U.S.C. § 1446(b).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Remand to State Court (Doc. 5) be **GRANTED**. As Defendants have not established their right to a federal forum, the Court denies Defendants' petition for removal and remands the case to the Superior Court of Watauga County, North Carolina.

Signed: February 3, 2012

Richard L. Voorhees
United States District Judge